## John McNellis

*v.*

## Edward F. Pulsifer *et al.*

New trial—*verdict against the evidence.* In this case, the only question is as to the sufficiency of the evidence to support the finding of the court below; and no such error is perceived in the finding as to call upon this court to disturb it.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Hawes & Lawrence, for the appellant.

Messrs. Dent & Black, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

The appellees, the plaintiffs below, during the years 1868 and 1869, were engaged in the grain commission business in Chicago, and the appellant, the defendant below, who resided in Morris, was engaged in the buying and selling of grain. He shipped most of his grain to Chicago, for sale, and employed appellees to transact his business there. They bought and sold grain for him during the years 1868 and 1869, during which time there was a running account between them, and no final settlement ever made. This action was brought by appellees, in the court below, against the appellant, to recover an alleged balance of account due from him to them October 31, 1869. The cause was tried by the court without a jury, and a judgment rendered against the appellant for $1487.88, from which judgment he appealed. The only question now made is as to the correctness of the finding of the court in respect to a single item in the appellees' account. It is one of $880 for cash paid by the appellees to Murry, Nelson & Co., for damages awarded by arbitrators, to be paid by

the appellees to Murry, Nelson & Co., because of the non-delivery by appellant of a cargo of no-grade corn, which the appellees, as commission merchants, sold for the appellant to Murry, Nelson & Co., but which the appellant failed to deliver. And the only point made upon this question is a want of authority in the appellees to make the sale.

We have carefully examined the evidence in the case, and find that it was directly in conflict, and can not be reconciled. It was for the court trying the case to judge of the credibility of the witnesses, and to give credit where he believed it to be due.

We do not know that it would serve any useful purpose to discuss the evidence, and we will content ourselves with saying that we do not perceive any such error in the finding of the court, as to call upon us to disturb it.

The judgment of the court below must be affirmed.

*Judgment affirmed.*